IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT EDWARDS and
PRISCILLA EDWARDS,

        Plaintiffs,

vs.

UNITED STATES DEPARTMENT
OF JUSTICE AS EMPLOYER et al.

        Defendants.

CIVIL NO. 00-546 LFG

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 05 2000
CLERK

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS AND FEES, DENYING APPOINTMENT OF COUNSEL, AND DISMISSAL OF COMPLAINT WITHOUT PREJUDICE

### Waiver of Filing Fee

Plaintiffs Robert Edwards and Priscilla Edwards ("Edwards") filed suit; and through Robert Edward's request, also seek a waiver of court costs and fees. Based on the information submitted, a waiver of costs is appropriate.

The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive payment of costs or fees. The intent of this statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States



solely because . . . [lack of funds] makes it impossible to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948). Based on the representations in Edwards' motion concerning the Plaintiffs' lack of funds, the Court will authorize the filing of the Edwards' complaint without payment of a filing fee.

## Request for Court Appointed Counsel

Edwards request that the Court appoint counsel to assist them in this civil action. [Doc. 2] Indeed, 28 U.S.C. § 1915(d) provides, "[T]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." It is equally clear, however, that there exists no constitutional or statutory right to court appointed counsel in this litigation. See, e.g., Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992). Even in those instances where a court is authorized to appoint counsel, for example, in Title VII litigation, counsel cannot be appointed unless the plaintiff has made an affirmative showing of "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, and (3) meritorious allegations of discrimination." Id. at 1421. Here, while Edwards have demonstrated their financial inability to pay for counsel by their statement, they've submitted no information or evidence in support of efforts they have taken to secure counsel, and, based on the Court's review of the complaint as hereafter discussed, the allegations of the complaint do not appear meritorious. Accordingly, the Edwards' motion for appointment of counsel is denied.

## Principles for Analysis of Complaint Allegations

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statue, it also recognized that "a litigant whose filing fees and court costs are assumed by

2

the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts are specifically authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section, and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Belmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect is in the pleading and the pleading may be cured by appropriate allegations, the dismissal of the complaint should be without prejudice to plaintiff filing another complaint with valid allegations.

In reviewing a pro se complaint, the Court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a pro se complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520, 1521 (10th Cir. 1992). It is with these standards in mind that the Court reviews the Edwards' complaint for damages ("Complaint").

### Insufficient Allegations of Federal Jurisdiction

Apart from a general reference to a violation of the Civil Rights Act, Edwards have not identified anything in their pleadings that would establish original jurisdiction in federal court, nor have they raised any federal question jurisdiction under 28 U.S.C. § 1331. Similarly, while asserting that this case arises under the Constitution of the United States, Edwards do not identify what constitutional right was allegedly denied them, who denied it, or how the right was denied.

Section 1343(a)(3) of 28 U.S.C. establishes federal court jurisdiction "to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any

3

right, privilege or immunity secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . . ." Thus, it is possible that Edwards seek to invoke this Court's jurisdiction under this statute. However, their Complaint fails to show that any of their claims arise under 28 U.S.C. § 1343.

The Edwards' Complaint is vague and rambling. It touches on years of claimed unfair treatment foisted on them by others, the Complaint simply does not state information sufficient to establish federal court jurisdiction. Consequently, the Edwards' Complaint should be dismissed without prejudice in order to afford them an opportunity to re-file a complaint in federal court with sufficient allegations demonstrating any valid basis for federal court jurisdiction.

## Failure to State Valid Claims

The Edwards' Complaint consists of a vague and rambling narrative. It refers to or names literally dozens of individuals and proposed defendants, including the United States of America, federal judges, U.S. Bankruptcy Court officers and employees, state court justices, judges, court personnel, bar associations, lawyer disciplinary boards, various lawyers and their law firms, state and local governments, governmental officials and private citizens, including, architects, engineers, and other individuals whose identity or connection with the litigation remains unclear. The Complaint does not plead with any specificity what each Defendant is alleged to have done or how any alleged act or omission violated Edwards' rights. Even afforded the Complaint a liberal reading as required in Northington v. Jackson, the Complaint is deficient.

Some of the events referred to in the Complaint pre-date the filing of the Complaint by ten or twelve years. Yet, Edwards do not disclose how their claims are not time-barred or precluded by

4

applicable statute of limitations. The Complaint fails to demonstrate how some of the claims are actionable at all. For example, Edwards assert claims against state and federal judges who are entitled to absolute immunity. Mireles v. Waco, 502 U.S. 9, 112 S. Ct. 286 (1991). The Edwards fail to demonstrate how the multi-million damages claims asserted against the State of New Mexico, are not barred by the Eleventh Amendment. The Eleventh Amendment to the Constitution bars suits against the state and its officials unless the state waives immunity. Welch v. Texas Dept. of Highways & Public Transp., 483 U.S. 468, 107 S. Ct. 2941 (1987). Similarly, Edwards fail to explain how monetary damage claims against the State of New Mexico or its officials are not barred because the State is not a person for purposes of Section 1983 litigation. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304 (1989); Brandon v. Holt, 469 U.S. 464, 105 S. Ct. 873 (1985). While waivers to the extent Edwards seek to assert common law claims against governmental entities under New Mexico's Tort Claims Act, NMSA 1978, § 41-4-1, *et seq.*, Edwards fail to demonstrate how, if at all, immunity has been waived for any of the claims asserted, and how, if at all, appropriate notice of claims was given as required by law.

Some Defendants are identified in the Complaint's caption, but, thereafter, no factual allegations are asserted against them. Other individuals are named in the body of the Complaint as doing or not doing certain acts that are alleged to have harmed Edwards, but they are not named in the caption of the Complaint as defendants.

Indeed, it is extremely difficult to ascertain exactly what this lawsuit is about. It appears to stem from a building or development project in the late 1980's, and a subsequent bankruptcy proceeding and attempted legal malpractice litigation. In any event, even with a liberal reading of the Complaint, Edwards failed to state any cause of action against any individual or entity.

The Court determines that Edwards' Complaint should be dismissed. However, dismissal under Rule 12(b)(6) generally authorizes a plaintiff to correct the pleading defects so as to state a viable cause of action. Edwards are admonished, however, that if they file another complaint in federal court, they are to comply with the pleading requirements of Fed. R. Civ. P. 8 and the investigative and pleading strictures of Fed. R. Civ. P. 11.

The Edwards are encouraged to seek the assistance of counsel who may be able to guide them in asserting proper federal court jurisdictional allegations if that can be done consistent with the requirements of Fed. R. Civ. P. 11.

Accordingly, this action is dismissed without prejudice and Edwards are permitted to file a first amended complaint with proper allegations of federal court jurisdiction and valid substantive claims. The amended complaint should be filed within twenty days. If no proper first amended claim is filed within that time period, then the dismissal without prejudice will be converted to a dismissal with prejudice.

_____
John E. Conway
United States Chief District Judge